UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

NATHANIEL HILL,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

Case No. 1:20-cv-1185

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.  Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan.  The

events about which he complains occurred at that facility.  Plaintiff sues the Michigan Department of Corrections, the Oaks Correctional Facility, and Susan Norton, ECF Facility Analyst.

Plaintiff alleges that he has been denied opportunities to confer with his attorneys, Julie H. Trepeck of Resnick Law, P.C. in Bloomfield Hills, Michigan, and Jeffrey Vanloon of Vanloon Law, also in Bloomfield Hills, Michigan.  Because of COVID-19 restrictions, Plaintiff and his attorneys are forced to schedule conferences through Defendant Norton.  It has been difficult to schedule such conferences and difficult to confer even when a conference is scheduled.

Plaintiff contends that Defendants do not have adequate equipment or facilities to accommodate his rights to access the courts as guaranteed by the constitution and protected by MDOC policy directives.  Plaintiff asks the Court to order an immediate transfer to a facility with sufficient telecommunications equipment and an injunction to compel Defendant Norton to stop limiting Plaintiff's communications with his attorneys.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. The MDOC

Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC

3

is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). Therefore, Plaintiff's claim against the MDOC is properly dismissed on grounds of immunity.

In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Plaintiff does not expressly request a damage award; however, he does allege that he has suffered monetary damage as a result of Defendants' actions. To the extent Plaintiff seeks monetary damages, his claim against the MDOC therefore also is properly dismissed for failure to state a claim under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c).

## IV.     Oaks Correctional Facility

The Oaks Correctional Facility is one of several facilities operated by the MDOC. It is a building; it is not amenable to suit as a separate entity. Moreover, the correctional facility is really no more than a department or division of the MDOC in the same way that the MDOC is a department of the state. *See, e.g., Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) ("Because the [jail] is a department of the county, the county is the appropriate party to address [Plaintiff's] suit.") Thus the Oaks Correctional Facility, as a department of division of the state, would enjoy the same immunity as the State of Michigan; and the Oaks Correctional Facility would not fall within the definition of a "person" under 28 U.S.C. § 1983. Plaintiff's complaint against the Oaks Correctional Facility fails to state a claim.

## V.     Access to the courts

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states

must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id*. at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id*. at 824–25. The right of access to the courts also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351–53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous

claim.  *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3).  "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 415.

Plaintiff's complaint does not allege that he was denied access to the courts to pursue a direct appeal of his criminal conviction, a habeas corpus application, or a civil rights claim.  To the contrary, he reports that Attorney Vanloon "has been retained to assist in [Plaintiff's] current legal, business, and professional issues." (Compl., ECF No.1, PageID.2.)  Plaintiff does not identify in what manner or matter Attorney Trepeck will assist him; however, Ms. Trepeck's firm's website indicates:

> Julie's practice focuses on real estate (residential and commercial including leasing/sub-leasing, buy/sell, easements, licenses, acquisitions, boundary disputes, construction disputes, land contracts and property tax appeals), business entity formation, franchise acquisitions, compliance and operations, employment disputes, mergers and acquisitions, dissolutions, drafting/reviewing contracts and agreements, and bankruptcy/debt settlement.  Julie also leads the firm's estate planning practice which focuses on estate planning, estate and trust administration, asset protection, beneficiary disputes, guardianship and conservatorship.

https://www.resnicklaw.com/julie-h-trepeck-harris/ (visited Apr. 14, 2021).  Thus, it does not appear that Attorney Trepeck is assisting Plaintiff with appeal of his criminal conviction, a habeas corpus application, or a civil rights claim.  Accordingly, Plainitff has not alleged actual injury, and he has failed to state a claim for denial of his constitutional right to access the courts.

## VI.  Violation of prison policy directives

Plaintiff claims that Defendants' actions in interfering with his access to to the courts violated MDOC policy directives.  Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Therefore, to the extent Plaintiff invokes prison policy, he fails to allege a due process claim.  Section 1983 is addressed to remedying violations of federal law, not state law.  *Lugar*, 457 U.S. at 924; *Laney v. Farley*, 501 F.3d 577, 580–81 & n.2 (6th Cir. 2007).  Courts routinely have recognized that a prisoner does not enjoy any federally protected liberty or property interest in state procedure.  *See Olim v. Wakinekona*, 461 U.S. 238, 250–51 (1983); *Laney*, 501 F.3d at 581 n.2; *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994); *Smith v. Freland*, 954 F.2d 343, 347–48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992).  Plaintiff's allegation that Defendants violated prison policy therefore fails to raise a cognizable federal due process claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might

raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

       This is a dismissal as described by 28 U.S.C. § 1915(g).

       A judgment consistent with this opinion will be entered.


Dated:   April 22, 2021                    /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge